**SPECIAL CIVIL PART SUMMONS AND RETURN OF SERVICE – FORM B - PAGE 2**

**Plaintiff or Plaintiff's Attorney Information:**

Name:
Law Office of Matthew Rose
Address:
209 Main Street
Fort Lee, NJ, 07024
Telephone No.: (201) 482 - 8111

Demand Amount: $ 15000
Filing Fee: $ 50
Service Fee: $
Attorney's Fees: $
TOTAL $ 15050

RECEIVED CBSD
SEP 19 2011
OFFICE OF THE GENERAL COUNSEL

**SUPERIOR COURT OF NEW JERSEY**
**LAW DIVISION, SPECIAL CIVIL PART**
HUDSON **COUNTY**

595 Newark Ave
Jersey City NJ 07306
(201) 795 - 6000

Marlene Moran
, Plaintiff(s)

versus

Cohen & Slamowitz LLP
Citibank
, Defendant(s)

RECEIVED #13
SEP 02 2011
SUPERIOR COURT OF N.J.
FEE OFFICE
COUNTY OF HUDSON

**Docket No:** **DC-019338-11**
(to be provided by the court)

**Civil Action**
**SUMMONS**

**(Circle one):** ☒ **Contract** **or** ☐ **Tort**

**Defendant(s) Information: Name, Address & Phone:**

Cohen & Slamowitz LLP
199 Crossways Park Drive Woodbury NY 11797-2016

Citibank
PO BOX 6500 Sioux Falls SD 57117

**Date Served:** **09/13/2011**

RETURN OF SERVICE IF SERVED BY COURT OFFICER (For Court Use Only)

Docket Number: ____________ Date: ____________ Time: ____________
WM___WF___BM___BF___OTHER____HT______WT______AGE______MUSTACHE______BEARD______GLASSES_____
NAME: ____________ RELATIONSHIP: ____________
Description of Premises: ____________

I hereby certify the above to be true and accurate:

____________ Court Officer

RETURN OF SERVICE IF SERVED BY MAIL (For Court Use Only)

I, Maria Garde, hereby certify that on 09/13/2011, I mailed a copy of the within summons and complaint by regular and certified mail, return receipt requested.

____________
Employee Signature

FILED Sep 07, 2011

The Law Offices of Matthew E. Rose
209 Main Street 2nd Floor
Fort Lee, NJ, 07024
(201 482-8111 – Telephone
(201) 482-8190 – Facsimile
Attorneys for Plaintiff
Marlene Moran

**SUPERIOR COURT OF NEW JERSEY**
**LAW DIVISION SPECIAL CIVIL PART**
**HUDSON COUNTY**

| | |
|---|---|
| Marlene Moran<br>Plaintiff,<br><br>v.<br><br>Cohen & Slamowitz, LLP,<br>Citibank<br>Defendant(s). | Docket No. DC-019338-11<br><br>PLAINTIFF'S COMPLAINT |

Yaakov Saks Esq.

Yaakov Saks, of full age, hereby certifies as follows:

**Complaint**

1. This is an action under the **Fair Debt Collection Practices Act**, hereinafter "FDCPA," 15 U.S.C. § 1692(a) against debt collector Cohen & Slamowitz, LLP.
2. This is an action for invasion of privacy against defendants Law Offices of Cohen & Slamowitz, LLP and Citibank.
3. This is an action for breach of contract against Citibank for breach of the implied covenant of good faith and fair dealing.

**Parties**

4. Plaintiff, Marlene Moran, is an adult residing in Hudson County, New Jersey.
5. Defendant Cohen & Slamowitz, LLP is located at 199 Crossways Park Drive Woodbury, NY 11797-2016.
6. Defendant Citibank is located at P.O. Box 6500, Sioux Falls, SD 57117.
7. Defendant Cohen & Slamowitz, LLP is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a (6).
8. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (3).

**Factual Allegations**

9. Cohen & Slamowitz, LLP attempted to collect a debt that falls within the definition of "debt" for the purposes of 15 U.S.C. § 1692a(5).

10. A letter disputing this debt and demanding its validation was sent to Cohen & Slamowitz, LLP on March 31, 2011.

11. Cohen & Slamowitz, LLP failed to validate this debt until May 26, 2011.

12. Cohen & Slamowitz, LLP continued collection efforts following Plaintiff's March 31, 2011 validation demand prior to validating the debt, in violation of the FDCPA.

13. Plaintiff advised Citibank, the original creditor, on December 02, 2010, that Plaintiff was represented by counsel and demanded that they cease and desist from all direct communications with Plaintiff.

14. Because counsel for Plaintiff sent a client representation letter to the original creditor prior to Law Offices of Cohen & Slamowitz, LLP receiving this account, they knew or should have known from Citibank that all future communications needed to be directed to counsel for Plaintiff.

15. Law Offices of Cohen & Slamowitz, LLP communicated directly with Plaintiff after December 02, 2010.

16. Plaintiff directly advised Cohen & Slamowitz, LLP on March 31, 2011 that Plaintiff was represented by counsel and demanded that they cease and desist from all direct communications with Plaintiff.

17. Cohen & Slamowitz, LLP communicated directly with Plaintiff after March 31, 2011.

18. On April 16, 2011, Cohen & Slamowitz, LLP's employee Wayne Nicholson called Plaintiff directly and said that he wanted to negotiate a settlement.

19. Wayne Nicholson failed to identify himself as a debt collector.

20. Law Offices of Cohen & Slamowitz, LLP and Citibank invaded Plaintiff's privacy by directly contacting Plaintiff after Plaintiff informed Citibank that Plaintiff was represented by counsel and had instructed that all further communications be directed to Plaintiff's counsel.

21. In the alternative, Citibank in its contract with Plaintiff had an implied covenant to deal fairly and in good faith.

22. Citibank knew that Plaintiff did not wish to receive direct communications regarding this account, and had instructed that communications be directed to Plaintiff's counsel instead.

23. Citibank acted unfairly and in bad faith when it transferred all relevant information regarding Plaintiff's account to its debt collector but failed to inform the debt collector that Plaintiff was represented by counsel and should not be communicated with directly.

**Claims for Relief**

The FDCPA 15 U.S.C. § 1692c(a)2 requires a debt collector to contact the debtor's attorney if the debtor has retained counsel for the purposes of negotiating a debt. Law Offices of Cohen & Slamowitz, LLP had or should have had knowledge from Citibank that they are obligated to cease direct communication with Plaintiff and direct

all future communication to Plaintiff's counsel. This information was readily ascertainable from original creditor Citibank since a client representation letter and cease and desist request was sent to Citibank on December 02, 2010. Nevertheless, Law Offices of Cohen & Slamowitz, LLP continued to communicate directly with Plaintiff after December 02, 2010. Cohen & Slamowitz, LLP was directly informed by Plaintiff on March 31, 2011 that they are obligated to cease direct communication with Plaintiff and direct all future communication to Plaintiff's counsel. Nevertheless, Cohen & Slamowitz, LLP continued to communicate directly with Plaintiff after March 31, 2011.

Furthermore, Law Offices of Cohen & Slamowitz, LLP and/or Citibank are liable for invading Plaintiff's privacy when contacting Plaintiff directly despite Plaintiff's instructions that Plaintiff not be communicated with directly but rather that all communication be directed to Plaintiff's counsel.

Alternatively, Citibank is liable for breaching the implied covenant of good faith and fair dealing in its contract with Plaintiff when Citibank transferred Plaintiff's account information to its debt collector but failed to inform the debt collector that Plaintiff was represented by counsel and should not be communicated with directly.

The FDCPA § 1692e(11) requires that a debt collector disclose in all communications that the communication is from a debt collector. Defendant failed to identify themselves as debt collectors.

Cohen & Slamowitz, LLP continued to collect the debt after Plaintiff's March 31, 2011 demand for validation and prior to Defendant's May 26, 2011 validation of the debt, in violation of FDCPA, 15 USC 1692g(b).

As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages which can be up $1,000, and costs and attorneys fees.

As a result of invading Plaintiff's privacy, Law Offices of Cohen & Slamowitz, LLP and/or Citibank are liable for actual damages.

As a result of breaching its contract with Plaintiff, Citibank is liable for actual damages.

Wherefore, Plaintiff respectfully submits that judgment in the sum of $15,000 be entered against Defendants for the following:

A. Actual Damages resulting from the drop in Plaintiff's credit score, and Plaintiff's inability to continue Plaintiff's normal way of life.

B. Actual Damages resulting from Plaintiff's inability to gain credit.

C. Actual Damages resulting from a denial of a potential loan modification due to the negative credit reporting.

D. Actual damages in the form of emotional damages for the stress and anxiety placed upon Plaintiff as a result of Defendant's illegal collections.

E. Actual damages in the form of emotional damages for the stress and anxiety placed upon Plaintiff from the invasion of Plaintiff's privacy.

F. Statutory Damages pursuant to 15 U.S.C. § 1692(k) up to $1000.

G. Filing and attorneys fees.

H. For such other and further relief as may be just and proper.

Respectfully submitted,         Law Offices of Matthew E. Rose Esq.
                                Attorneys for Plaintiff

Marlene Moran
By: Yaakov Saks August 17, 2011

Rule 4:51-1 Certification

The undersigned attorneys for the plaintiff certify that the matter in controversy is not the subject of any other action pending in any Court or a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I certify that confidential person identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7b.

Certification

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: 08/09/2011 Signature: ____________

The Law Offices of Matthew E. Rose
209 Main Street 2nd Floor
Fort Lee, NJ, 07024
(201 482-8111 – Telephone ext 136
(201) 482-8190 – Facsimile

# Out of State Certification

Yaakov Saks, of full age, hereby certifies as follows:

1. Defendant Cohen & Slamowitz LLP is located at 199 Crossways Park Drive Woodbury NY 11797-2016
2. Cohen & Slamowitz LLP does not have an address in New Jersey, but is subject to jurisdiction in New Jersey since it does business in the State.

Certification

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: 08/28/2011 Signature: [signature]

Yaakov Saks

The Law Offices of Matthew E. Rose
209 Main Street 2nd Floor
Fort Lee, NJ, 07024
(201 482-8111 – Telephone ext 136
(201) 482-8190 – Facsimile

# Out of State Certification

Yaakov Saks, of full age, hereby certifies as follows:

1. Defendant Citibank is located at PO BOX 6500 Sioux Falls SD 57117
2. Citibank does not have an address in New Jersey, but is subject to jurisdiction in New Jersey since it does business in the State.

Certification

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: 09/28/2011 Signature: ____________
Yaakov Saks

The Law Offices of Matthew E. Rose
209 Main Street 2nd Floor
Fort Lee, NJ, 07024
(201 482-8111 – Telephone ext 136
(201) 482-8190 – Facsimile
Attorneys for Plaintiff
Marlene Moran

August 17, 2011

Dear Sir/Madam:

Enclosed please find Plaintiff's complaint.
Additionally, enclosed is a summons and out of state certification for 2 defendants.

Very truly yours,
The Law Office of Matthew E. Rose

Yaakov Saks
For the Firm

RECEIVED #28
Sep ~~AUG~~ - 2 2011
SUPERIOR COURT OF N.J.
FEE OFFICE
COUNTY OF HUDSON

# THE SUPERIOR COURT OF NEW JERSEY
Law Division, Special Civil Part

# SUMMONS

**YOU ARE BEING SUED!**
**IF YOU WANT THE COURT TO HEAR YOUR SIDE OF THIS LAWSUIT, YOU MUST FILE A WRITTEN ANSWER WITH THE COURT WITHIN 35 DAYS OR THE COURT MAY RULE AGAINST YOU. READ ALL OF THIS PAGE AND THE NEXT PAGE FOR DETAILS.**

In the attached complaint, the person suing you (who is called *the plaintiff*) briefly tells the court his or her version of the facts of the case and how much money he or she claims you owe. **You are cautioned that if you do not answer the complaint, you may lose the case automatically,** and the court may give the plaintiff what the plaintiff is asking for, plus interest and court costs. If a judgment is entered against you, a Special Civil Part Officer may seize your money, wages or personal property to pay all or part of the judgment and the judgment is valid for 20 years.

**You can do one or more of the following things:**

1. *Answer the complaint.* An answer form is available at the Office of the Clerk of the Special Civil Part. The answer form shows you how to respond in writing to the claims stated in the complaint. If you decide to answer, you must send it to the court's address on page 2 and pay a $ 15.00 filing fee with your answer and send a copy of the answer to the plaintiff's lawyer, or to the plaintiff if the plaintiff does not have a lawyer. Both of these steps must be done **within 35 days (including weekends)** from the date you were "served" (sent the complaint). That date is noted on the next page.

**AND/OR**

2. *Resolve the dispute.* You may wish to contact the plaintiff's lawyer, or the plaintiff if the plaintiff does not have a lawyer, to resolve this dispute. **You do not have to do this unless you want to.** This may avoid the entry of a judgment and the plaintiff may agree to accept payment arrangements, which is something that cannot be forced by the court. Negotiating with the plaintiff or the plaintiff's attorney will not stop the 35 day period for filing an answer unless a written agreement is reached and filed with the court.

**AND/OR**

3. *Get a lawyer.* If you cannot afford to pay for a lawyer, free legal advice may be available by contacting Legal Services at (201) 792-6363. If you can afford to pay a lawyer but do not know one, you may call the Lawyer Referral Services of your local county Bar Association at (201) 798-2727.

If you need an interpreter or an accommodation for a disability, you must notify the court immediately.

**La traducción al español se encuentra al dorso de esta página.**

Clerk of the Special Civil Part

34s – Summons and Return of Service Special Civil Part (except Landlord/Tenant and Small Claims) Appendix XI-A(1). Rev. 9/3/02 P3/07

Powered by HotDocs®

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com 800.222.0510

# EL TRIBUNAL SUPERIOR DE NUEVA JERSEY

División de Derecho, Parte Civil Especial

## NOTIFICACIÓN DE DEMANDA

**¡LE ESTÁN HACIENDO JUICIO!**

**SI UD. QUIERE QUE EL TRIBUNAL VEA SU VERSIÓN DE ESTA CAUSA, TIENE QUE PRESENTAR UNA CONTESTACIÓN ESCRITA EN EL TRIBUNAL DENTRO DE UN PERÍODO DE 35 DÍAS O ES POSIBLE QUE EL TRIBUNAL DICTAMINE EN SU CONTRA. PARA LOS DETALLES, LEA TODA ESTA PÁGINA Y LA QUE SIGUE.**

En la demanda adjunta, la persona que le está haciendo juicio (que se llama *el demandante*) da al juez su versión breve de los hechos del caso y la suma de dinero que alega que Ud. le debe. **Se le advierte que si Ud. no contesta la demanda, es posible que pierda la causa automáticamente** y el tribunal dé al demandante lo que pide más intereses y costas. Si se registra una decisión en su contra, es posible que un Oficial de la Parte Civil Especial (Special Civil Part Officer) embargue su dinero, salario o bienes muebles para pagar toda o parte de la adjudicación, y la adjudicación tiene 20 años de vigencia.

**Usted puede escoger entre las siguientes opciones:**

1. *Contestar la demanda.* Puede conseguir un formulario de contestación en la Oficina del Secretario de la Parte Civil Especial. El formulario de contestación le indica cómo responder por escrito a las alegaciones expuestas en la demanda. Si Ud. decide contestar, tiene que enviar su contestación a la dirección del tribunal que figura en la página 2, pagar un gasto de iniciación de la demanda de $ 15.00 dólares y enviar una copia de la contestación al abogado del demandante, o al demandante si el demandante no tiene abogado. **Tiene 35 días (que incluyen fines de semana)** para hacer los trámites a partir de la fecha en que fue "notificado" (le enviaron la demanda). Esa fecha se anota en la página que sigue.

**ADEMÁS, O DE LO CONTRARIO, UD. PUEDE**

2. *Resolver la disputa.* Posiblemente Ud. quiera comunicarse con el abogado del demandante, o el demandante si el demandante no tiene abogado, para resolver esta disputa. **No tiene que hacerlo si no quiere.** Esto puede evitar que se registre una adjudicación y puede ser que el demandante esté de acuerdo con aceptar un convenio de pago lo cual es algo que el juez no puede imponer. Negociaciones con el demandante o el abogado del demandante no suspenderán el término de 35 días para registrar una contestación a menos que se llegue a un acuerdo escrito que se registra en el tribunal.

**ADEMÁS, O DE LO CONTRARIO, UD. PUEDE**

3. *Conseguir un abogado.* Si Ud. no tiene dinero para pagar a un abogado, es posible que pueda recibir consejos legales gratuitos comunicándose con Servicios Legales (Legal Services) al (201) 792-6363. Si tiene dinero para pagar a un abogado pero no conoce ninguno puede llamar a Servicios de Recomendación de Abogados (Lawyer Referral Services) del Colegio de Abogados (Bar Association) de su condado local al (201) 798-2727.

Si necesita un intérprete o alguna acomodación para un impedimento, tiene que notificárselo inmediatamente al tribunal.

Secretario de la Parte Civil Especial

34s – Summons and Return of Service Special Civil Part (except Landlord/Tenant and Small Claims) Appendix XI-A(1). Rev. 9/3/02 P3/07

Powered by HotDocs®

Printed by ALL-STATE LEGAL® A Division of ALL-STATE International, Inc. www.aslegal.com 800.222.0510 Page 1

# TRIAL ADJOURNMENT PROCEDURE FOR HUDSON COUNTY

Until further notice, the following procedure is to be followed when requesting an adjournment of a scheduled trial date in the Superior Court, Law Division Civil or Special Civil Part.

Any request for an adjournment in the Law Division Civil is to be made in writing or by FAX [(201) 217-5249], addressed to Antoinette Outwater, Civil Division Manager, attention Tracey Pignatelli, Trial Calendar Coordinator, 583 Newark Avenue, Jersey City, New Jersey, 07306. For a trial date scheduled in the Special Civil Part, the adjournment request is to be directed to Rupert Haller, Assistant Civil Division Manager, attention Donna Koncewicz, Special Civil, again in writing or by FAX [(201) 795-6053]. Requests are to include the following information:

a) Name of case and docket number;
b) Scheduled trial date;
c) Name of party requesting the adjournment;
d) The specific reason(s) for the adjournment; and
e) A representation to the court that the requesting party has informed all other parties of the request for adjournment.

The party requesting the adjournment should first contact all adversaries advising them of the trial readiness problem and attempt to reach an agreement as to when all parties will be ready to proceed with the trial not later than 30 days after the date presently scheduled. This will require all involved persons to contact their respective clients and witnesses. The requesting party should advise in the letter requesting the adjournment that he/she has conversed with all other parties and that they have or have not consented to the adjournment request and/or have or have lot agreed upon a new trial date.

No one should assume that the adjournment request will be granted. Adjournments shall be confirmed or denied by the court by telefax or telephone communication to the party who requested the adjournment. **For your information, your request for any adjournment will be initially acted upon by a court staff person. If you are aggrieved by the determination that is made, you should then request that your application be presented to the Presiding Judge for consideration. In that event, the Presiding Judge will make the ultimate decision on your adjournment request and you will be advised accordingly.** It shall then be the obligation of the requesting party to timely advise all other parties whether the adjournment request was granted or denied and, if granted, to advise of the new trial date fixed by the court.

**All requests for adjournment of hearings, trials and complementary dispute resolution events shall be made to the clerk's office as soon as the need is known, but absent good cause for the delay not less than 5 days before the scheduled court event. (R 6:4-7)**

If an attorney is designated as trial counsel and is actually in trial elsewhere in the Superior Court, Hudson County will mark its case Aready hold≈, subject to counsel's trial availability. Likewise, if an attorney is designated as trial counsel and is scheduled for trial on an older case on the same day but in a different county, then Hudson County will mark its case Aready hold≈, subject to counsel's disposition of the older case.

Effective: May 2003 (revised 03/04/09) Peter Bariso, J.S.C.



CERTIFIED MAIL

7136 0708 2833 1311 7186

SUPERIOR COURT OF NEW JERSEY
SPECIAL CIVIL PART
HUDSON CTY ADMIN BLDG
595 NEWARK AVE
JERSEY CITY NJ 07306-2394

Please notify court of disability accommodation needs

HUD-DC-019338-11

CITIBANK

PO BOX 6500

SIOUX FALLS SD 57117